UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORMAN REDNOUR,<br><br>             Plaintiff,<br><br>       v.<br><br>HAL D. HICKS MAIL<br>TRANSPORTATION, INC.,<br><br>             Defendant. | Case No. 05-cv-4128-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Norman Rednour's motion for an extension of time to effect service on defendant Hal D. Hicks Mail Transportation, Inc. (Doc. 6). Federal Rule of Civil Procedure 4(m) governs the time in which process must be served. That rule provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, *shall* dismiss the action without prejudice as to that defendant or *direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added). Courts have interpreted Rule 4(m) to require a court to grant an extension if the plaintiff shows good cause, but to leave it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002).

In this case, Rednour filed the Complaint on June 30, 2005, but failed to serve the defendant within 120 days. In December 2006, the Court allowed Rednour an additional 20 days to serve process in this case, but Rednour was unable to accomplish service within that time. Rednour now asks the Court for additional time to accomplish service. He states since the

additional 20 days, he obtained an alias summons an attempted to effect service on the defendant at a new address.  That failed, so Rednour now wants to try to serve the defendant in Florida, where he believes it is now located.  The Court is not satisfied from Rednour's vague description of the efforts he has made to locate the defendant that his efforts have been diligent and that he has good cause for failing to serve the defendant.  However, it believes that his conduct may amount to excusable neglect and it will exercise its discretion to give Rednour one more chance.  The Court therefore **GRANTS** the motion (Doc. 6) and **ORDERS** that Rednour shall have up to and including May 31, 2007, to serve the defendant.

**IT IS SO ORDERED.**
**DATED:  April 19, 2007**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**